**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

ERIC A. ADAMS,

    Plaintiff,      CASE NO. 11-10150

v.             HON. MARIANNE O. BATTANI

WELLS FARGO BANK, N.A., FANNIE MAE,
AND TROTT & TROTT, P.C.,

    Defendants.
_____/

**OPINION AND ORDER GRANTING DEFENDANT' TROTT & TROTT, P.C.'S REVISED MOTION FOR SUMMARY JUDGMENT OR TO DISMISS**

Before the Court is Defendant Trott & Trott, P.C.'s Revised Motion for Summary Judgment or to Dismiss (Doc. No. 11). The Court has reviewed all the filings relevant to these motions and finds oral argument will not aid in the resolution of this dispute. See E. D. Mich. LR 7.1(f)(2). For the reasons discussed below, the Court **GRANTS** Defendant's motion.

**I. FACTS**

In 2007, Plaintiff Eric Adams entered into a mortgage loan with Mortgage Electronic Registration Systems (MERS) as nominee for Franklin American Mortgage Company for property commonly known as 4066 Fieldview Ave., West Bloomfield, Michigan (the "Property"). (Doc. No. 11, Ex. A.) He executed a promissory note for $189,905.00 and a mortgage securing repayment of the note. (Id.) MERS assigned the mortgage to Defendant Wells Fargo Bank NA ("Wells Fargo"), on August 10, 2009. (Doc. No. 11, Ex. B.)

Plaintiff defaulted on his mortgage loan, and on June 15, 2010, the Property was sold at a sheriff's sale. (Doc. No. 11, Ex. C.) The redemption period expired on December 15, 2010, the date Plaintiff filed this lawsuit alleging that the foreclosure was invalid. In his complaint, Plaintiff contends that he was never served with a notice to quit or demand for possession as required by the Michigan foreclosure by advertisement statute. (Doc. No. 1, Compl., ¶ 9.) He asserts that he is the rightful owner because the foreclosure by advertisement was defective and asks the Court to set aside the foreclosure sale. (Id. at ¶ 10.)

In Count I of his Verified Complaint, Adams asks for a declaratory judgment setting aside the foreclosure sale. In support of his claim, Plaintiff asserts that he was never notified of the foreclosure sale, that the mortgage did not contain a valid power of sale clause, that notice of the sale was never posted on his front door, and that the adjournment of the sheriff's sale was never published as required by statute.

In Count II, Adams advances a breach of contract claim. He alleges that Defendants breached the covenant of good faith and fair dealing based on their failure to comply with notice, default, and the acceleration provision in the mortgage contract. He relies on the same allegations to support his claims of negligent performance of contract and breach of fiduciary duty (Count III), misrepresentation, fraud, slander of title (Count IV), civil RICO and conspiracy (Count V) and unjust enrichment (Count V).

Adams filed his Verified Complaint in Oakland County Circuit Court on December 15, 2010, the date the redemption period expired. Wells Fargo removed.

## II.     STANDARD OF REVIEW

In reviewing a motion to dismiss, the court "must construe the complaint in the light most favorable to the plaintiff [and] accept all factual allegations as true." In re DeLorean Motor Co., 991 F.2d 1236, 1240 (6th Cir. 1993).  This standard does not require the court to accept as true legal conclusions, conclusory statements, or "threadbare recitals of the elements of a cause of action."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

To survive a motion to dismiss, the plaintiff must "state a claim for relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). Plausibility "requires showing more than the sheer possibility of relief but less than a probable entitlement to relief."  Fabian v. Fuller Helmets, Inc., 628 F.3d 278, 280 (6th Cir. 2010) (citations and internal quotation marks omitted).

Rule 12(d) provides that "[i]f, on a motion under Rule 12(b)(6). . .matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."  Fed. R. Civ. P. 12(d).  A court may consider "documents incorporated into a complaint by reference and matters of which a court may take judicial notice" without converting the motion into one for summary judgment. Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308 (2007).

If the motion is converted, the court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as matter of law."  Fed. R. Civ. P. 56(a).  The court must view the evidence in the light most favorable to the non-moving party.  Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970).  The movant must first show the absence of a genuine issue of material fact, either by pointing to the movant's own affirmative evidence, or by "pointing out to the

district court. . .that there is an absence of evidence to support the nonmoving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Then, the non-moving party must point to specific facts in the record showing a "genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). A genuine issue for trial cannot be created via "metaphysical doubt" about the material facts or the "mere existence of a scintilla of evidence in support" of the non-moving party. Id. Instead, "there must be evidence on which the jury could reasonably find for" that party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). If such evidence fails to "establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial," Rule 56 mandates the entry of summary judgment in favor of the moving party. Celotex, 477 U.S. at 322.

### III.    ANALYSIS

Before addressing the merits of the motion, the Court must decide which standard of review to employ. Both parties submitted materials outside the pleadings for the Court's review, including the mortgage, the assignment, and affidavits of publication, notice and purchase. Nevertheless, the Court adheres to the standards applicable to a motion to dismiss. The added materials "are referred to in the plaintiff's complaint and are central to [the plaintiff's] claim," Weiner v. Klais & Co., Inc., 108 F.3d 86, 89 (6th Cir. 1997), or are materials "whose accuracy cannot reasonably be questioned" Bowers v. Wynne, 615 F.3d 455, 470 (6th Cir. 2010) (Rogers, J., concurring). Therefore, the Court assesses the merits of Defendant's motion under Rule 12(b)(6). See also Winget v. JP Morgan Chase Bank, N.A., 537 F.3d 565, 576 (6th Cir. 2008).

Trott & Trott seeks dismissal on either of two grounds.  First, it argues that Adams lacks standing to challenge the foreclosure because the redemption period has expired thereby extinguishing his rights.  Second, Trott & Trott argues that Plaintiff has failed to state a claim against it.  Because the Court finds the second ground persuasive, it directs its attention immediately to the issue of whether Plaintiff has stated a claim against Trott & Trott.

In his Verified Complaint, Adams includes one allegation regarding Trott and Trott, which is repeated in several counts.  Adams asserts that Trott & Trott had "no standing to foreclose" because it did not have the original note.  He relies on this allegation to support Count I, Request for A Declaratory Judgment Setting Aside the Foreclosure Sale, (Doc. No. 1, ¶ 33), Count II, Breach of Contract Covenants of Good Faith and Fair Dealing, (Doc. No. 1, ¶ 51), Count III, Negligent Performance of Contract and Breach of Fiduciary Duty, (Doc. No. 1, ¶ 71), and Count V, Civil RICO and Conspiracy, (Doc. No. 1, ¶ 82(k)).

Here, Trott & Trott served as counsel to Wells Fargo.  Based on its role in the underlying events, Trott & Trott concludes that the foreclosure by advertisement statute, which does not govern counsel is not relevant. This Court agrees.  Specifically, the statute addresses duties of the mortgage holders or mortgage servicers.  Trott and Trott is neither. To the extent that Adams claims rely on his assertion that the foreclosure by advertisement process was faulty due to problems with notification, it is clear that his claims cannot be brought against Trott & Trott.

Because Trott & Trott was not the foreclosing party, Adams has failed to state a claim for which relief may be granted.  His Verified Complaint contains no viable theory or

5

facts to support any of the causes of action advanced against Trott & Trott. In sum, his allegation is a legal conclusion that warrants no deference under <u>Iqbal</u>.

## IV. CONCLUSION

Accordingly, the motion is **GRANTED**.

**IT IS SO ORDERED.**

s/Marianne O. Battani<br>MARIANNE O. BATTANI<br>UNITED STATES DISTRICT JUDGE

Date: August 3, 2011

## CERTIFICATE OF SERVICE

Copies of this Opinion and Order were mailed to and/or electronically filed to Plaintiff and counsel of record on this date.

s/Bernadette M. Thebolt<br>Case Manager