**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

ERIC A. ADAMS,

        Plaintiff,

v.

WELLS FARGO BANK, N.A., and TROTT & TROTT, P.C.,

        Defendants.
_____/

CASE NO. 11-10150

HON. MARIANNE O. BATTANI

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION**
**TO DISMISS AND/OR FOR SUMMARY JUDGMENT**

Before the Court are Defendants Wells Fargo Bank, N.A.'s Motion to Dismiss and/or for Summary Judgment (Doc. No. 2). The Court has reviewed all the filings relevant to these motions and finds oral argument will not aid in the resolution of this dispute. See E. D. Mich. LR 7.1(f)(2). For the reasons discussed below, the Court **GRANTS** Defendant's motion.

**I. FACTS**

In 2007, Plaintiff Eric Adams entered into a mortgage loan with Mortgage Electronic Registration Systems (MERS) as nominee for Franklin American Mortgage Company. He executed a promissory note for $189,905.00 and a mortgage securing repayment of the note. (Doc. No. 2, Ex. A.) MERS assigned the mortgage to Wells Fargo Bank, N.A. ("Wells Fargo") on August 10, 2009. (Doc. No. 2, Ex. B.)

Plaintiff defaulted on his mortgage loan, and on June 15, 2010, the property, located at 4066 Fieldview Ave., West Bloomfield, Michigan, was sold at a sheriff's sale.

(Doc. No. 2, Ex. C.)  The redemption period expired on December 15, 2010, the date Plaintiff filed his lawsuit alleging that the foreclosure was invalid.  He asserts that he is the rightful owner because the foreclosure by advertisement was defective and asks the Court to set aside the foreclosure sale.  (Id. at ¶ 10.)

In Count I of his Verified Complaint, Adams asks for a declaratory judgment setting aside the foreclosure sale.  In support of his claim, Plaintiff asserts that he was never notified of the foreclosure sale, that the mortgage did not contain a valid power of sale clause, that notice of the sale was never posted on his front door, and that the adjournment of the sheriff's sale was never published as required by statute.  In Count II, Adams advances a breach of contract claim.  He alleges that Defendants breached the covenant of good faith and fair dealing based on their failure to comply with notice, default, and the acceleration provision in the mortgage contract.  He relies on the same allegations to support his claims of negligent performance of contract and breach of fiduciary duty (Count III), misrepresentation, fraud, slander of title (Count IV), civil RICO and conspiracy (Count V) and unjust enrichment (Count V).

Wells Fargo removed this action from Oakland County Circuit Court on January 11, 2011.  It subsequently moved for dismissal of the Verified Complaint, on the ground that Plaintiff lacks standing to sue.

## II.    STANDARD OF REVIEW

In reviewing a motion to dismiss, the court "must construe the complaint in the light most favorable to the plaintiff [and] accept all factual allegations as true."  In re DeLorean Motor Co., 991 F.2d 1236, 1240 (6th Cir. 1993).  This standard does not require the court

to accept as true legal conclusions, conclusory statements, or "threadbare recitals of the elements of a cause of action." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

To survive a motion to dismiss, the plaintiff must "state a claim for relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). Plausibility "requires showing more than the sheer possibility of relief but less than a probable entitlement to relief." Fabian v. Fuller Helmets, Inc., 628 F.3d 278, 280 (6th Cir. 2010) (citations and internal quotation marks omitted).

Rule 12(d) provides that "[i]f, on a motion under Rule 12(b)(6). . .matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). A court may consider "documents incorporated into a complaint by reference and matters of which a court may take judicial notice" without converting the motion into one for summary judgment. Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308 (2007).

If the motion is converted, the court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as matter of law." Fed. R. Civ. P. 56(a). The court must view the evidence in the light most favorable to the non-moving party. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970). The movant must first show the absence of a genuine issue of material fact, either by pointing to the movant's own affirmative evidence, or by "pointing out to the district court. . .that there is an absence of evidence to support the nonmoving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Then, the non-moving party must point to specific facts in the record showing a "genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). A genuine issue for trial

cannot be created through "metaphysical doubt" about the material facts or the "mere existence of a scintilla of evidence in support" of the non-moving party. Id. Instead, "there must be evidence on which the jury could reasonably find for" that party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). If such evidence fails to "establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial," Rule 56 mandates the entry of summary judgment in favor of the moving party. Celotex, 477 U.S. at 322.

### III. ANALYSIS

Before addressing the merits of the motion, the Court must decide which standard of review to employ. Both parties submitted materials outside the pleadings for the Court's review, including the mortgage, the assignment, and affidavits of publication, notice, and purchase. Nevertheless, the Court adheres to the standards applicable to a motion to dismiss. These added materials "are referred to in the plaintiff's complaint and are central to [the plaintiff's] claim," Weiner v. Klais & Co., Inc., 108 F.3d 86, 89 (6th Cir. 1997), or are materials "whose accuracy cannot reasonably be questioned" Bowers v. Wynne, 615 F.3d 455, 470 (6th Cir. 2010) (Rogers, J., concurring). Therefore, the Court assesses the merits of Defendant's motion under Rule 12(b)(6). See also Winget v. JP Morgan Chase Bank, N.A., 537 F.3d 565, 576 (6th Cir. 2008). The Court declines to consider the correspondence attached as Exhibit B to Plaintiff's Answer to Motion to Dismiss and/or for Summary Judgment (Doc. No. 6, Ex. B), which is not referred to in the Verified Complaint or public records, or capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. The Court likewise declines to

consider Plaintiff's Reply to Reply Brief in Support of Defendant's Motion to Dismiss or, in the Alternative, for Summary Judgment (Doc. No. 10), which was filed without leave of the Court.

The sole basis for dismissal advanced by Defendant in its motion is Plaintiff's lack of standing. Wells Fargo posits that pursuant to Michigan law, once the redemption period following foreclosure of property has expired, the former owner's rights in and title to the property are extinguished. See Overton v. Mortgage Electronic Registration Sys., Inc., No. 284950, 2009 WL 1507342, at *1 (Mich. Ct. App. May 28, 2009). Wells Fargo concludes that, based upon this authority, Plaintiff lacks standing to challenge the foreclosure and/or sheriff's sale inasmuch as redemption period expired in December 2010.

The Court disagrees. Under Michigan law, an equitable extension of the redemption period may be available with a clear showing of fraud or irregularity. Id., at *1. Accord Manufacturers Hanover Mortgage Corp. v. Snell, 370 N.W.2d 401, 404 (Mich. Ct. App. 1985) (noting that a mortgagor could challenge an invalid foreclosure by advertisement by raising equitable defenses to a summary eviction proceedings); United States v. Garno, 974 F. Supp. 628, 633 (E. D. Mich. 1997) (holding that under Michigan law, "a very good reason" may mandate setting aside a foreclosure sale).

Here, Plaintiff has alleged irregularities occurred during the foreclosure process. Specifically, he maintains that he did not receive actual or constructive notice of the foreclosure sale or the adjournment of the foreclosure sale. He further asserts that once he began the modification process, Wells Fargo could not foreclose by advertisement. The Court addresses those arguments below.

### A. Notice

Plaintiff contends that he was never served with a notice to quit or demand for possession as required by the Michigan foreclosure by advertisement statute. (Doc. No. 1, ¶ 9). Adams also contends that Defendant failed to provide him adequate notice of the adjournment of the foreclosure sale, (Doc. No. 1, ¶ 17), and of the June 15, 2010 foreclosure sale (Doc. No. 1, ¶ 21). Adams alleges that he occupied the Property and never saw the notice posted on his front door, despite the statutory requirement that a copy of the notice of foreclosure sale be "posted in a conspicuous place upon any part of the premises described in the notice." (Doc. No. 1, ¶ 24).

Here, Plaintiff's allegations as to these defects do not rise to the level of a strong case of fraud or irregularity required to set aside the foreclosure sale. Moreover, the Sheriff's Deed on Mortgage Sale includes the notarized Affidavits of Publication and an attestation that the notice was posted on the Property on September 12, 2009. (Doc. No. 2, Ex. C at 3, 5). Consequently, Wells Fargo provided notification as required by the statute. See MICH. COMP. LAWS § 600.3201.

To the extent that Plaintiff claims he did not receive notice of adjournments of the sale, he likewise has failed to state a claim. The statute does not require notice if a foreclosure sale is adjourned on a weekly basis. Section 600.3220 reads in relevant part:

> Such sale may be adjourned from time to time. . .and if any adjournment be for more than 1 week at one time, the notice thereof, appended to the original notice of sale, shall also be published in the newspaper in which the original notice was published, the first publication to be within 10 days of the date from which the sale was adjourned and thereafter once in each full secular week during the time for which such sale shall be adjourned. No oral announcement of any adjournment shall be necessary.

6

MICH. COMP. LAWS § 600.3200.

Finally, Adams cannot show that he was prejudiced by the alleged defects in the notices. Sweet Air Investment, Inc. v. Kenney, 739 N.W.2d 656 (Mich. Ct. App. 2007); Jackson Inv. Corp. v. Pittsfield Prods., Inc., 413 N.W.2d 99 (Mich. Ct. App. 1987). Accordingly, to the extent irregularities occurred in the notice requirements, they fail to state a claim for which relief may be granted.

**B. Modification**

In addition to his allegations regarding notice, Adams asserts that Wells Fargo never agreed to a modification of his mortgage. (Doc. No. 1, Verified Compl., ¶ 10). He alleges that Defendant did not respond to a requested meeting or provide calculations as requested by Plaintiff, and never designated a person to work with Plaintiff.[1] (Id., ¶¶ 29-31).

Section 600.3205c sets forth a process for mortgage loan modification. It reads in relevant part:

> If a borrower has contacted a housing counselor under section 3205b but the process has not resulted in an agreement to modify the mortgage loan, the person designated under section 3205a(1)(c) shall work with the borrower to determine whether the borrower qualifies for a loan modification.

MICH. COMP. LAWS § 600.3205c(1). The statute further provides that when a borrower is eligible for a loan modification, the mortgage holder may not pursue foreclosure by

---

[1] Plaintiff's allegations are contrary to the "Affidavit of MCL 600.3205 Notice", in which the attorney for Wells Fargo asserts not only that she served the notice, but that the notice included the reason for default, the amount due and owing, the contact information for the mortgage holder, a statement of the borrower's rights, and that the notice included a list of housing counselors. According to the affidavit, the time for the request for a meeting expired without a request. (See Doc. No. 2, Ex. C at 7)

7

advertisement unless it offers the borrower a modification agreement and the borrower fails to accept it within 14 days. See MICH. COMP. LAWS § 600.3205c(7). If the mortgage holder nonetheless commences foreclosure proceedings in violation of this statute, the borrower may bring suit to "convert the foreclosure proceeding to a judicial foreclosure." MICH. COMP. LAWS § 600.3205c(8). Specifically, § 600.3205c(8) provides:

> If a mortgage holder or mortgage servicer begins foreclosure proceedings under this chapter in violation of this section, the borrower may file an action. . .to convert the foreclosure proceeding to a judicial foreclosure. If a borrower files an action under this section and the court determines that the borrower participated in the process under section 3205b, a modification agreement was not reached, and the borrower is eligible for modification. . .the court shall enjoin foreclosure of the mortgage by advertisement and order that the foreclosure proceed under chapter 31.

Id.

Even if Plaintiff is correct about Defendant's failure to agree to a modification, he failed to show that he is entitled to the requested relief. The plain language of § 600.3205c(8) limits his relief. It does not authorize the Court to set aside the foreclosure. Rather, to avail himself of the statute, Adams had to act before the foreclosure by advertisement was completed. The governing provision allows specified borrowers to convert a foreclosure by advertisement to a judicial foreclosure; it does not allow those borrowers to avoid foreclosure altogether or set aside a completed foreclosure.

**IV. CONCLUSION**

In sum, Plaintiff has failed to state a claim for which relief may be granted.

Accordingly, the Court **GRANTS** Defendant's motion.

**IT IS SO ORDERED.**

                                          s/Marianne O. Battani
                                          MARIANNE O. BATTANI
                                          UNITED STATES DISTRICT JUDGE

Date: August 10, 2011

**CERTIFICATE OF SERVICE**

      Copies of this Opinion and Order were mailed to and/or electronically filed to Plaintiff and counsel of record on this date.

                                          s/Bernadette M. Thebolt
                                          Case Manager